IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACK BEAVERS, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:18-cv-1601-AT |
| : | |
| JAMES PROVOST, Director, Paulding : | |
| County Division of Family and : | |
| Children Services, and DICK : | |
| DONOVAN, District Attorney of : | |
| Paulding County, Georgia, : | |
| : | |
| Defendants. : | |

## **ORDER**

This matter is before the Court on the Motions to Dismiss of Defendants Dick Donovan [Doc. 10] and James Provost [Doc. 12].

### I. **FACTUAL SUMMARY**

Plaintiff Jack Beavers is involved in a removal proceeding in the Paulding County Juvenile Court, where his rights to his minor children are at issue following allegations made against him for physical and sexual abuse of the children. Defendant James Provost is the Director of the Paulding County Division of Family and Children Services ("DFCS"). Defendant Dick Donovan is the Paulding County District Attorney.

Plaintiff alleges that the juvenile court proceeding was instituted against him in bad faith for purposes of harassment and retaliation by the Paulding County

DFCS under the direction of Defendant Provost and that DFCS unlawfully obtained an order authorizing the removal of the children in non-exigent circumstances. Plaintiff further alleges that DFCS subjected him to a pattern of harassment culminating in his arrest on criminal charges of "Harassing Communications" in violation of O.C.G.A. § 16-11-39.1 and "Influencing Witnesses" in violation of O.C.G.A. § 16-10-93 (in response to Plaintiff's repeated phone calls and emails to DFCS employees).     Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights, as well as violations of state law.  He seeks to enjoin the juvenile court dependency proceeding and to enjoin the Paulding County District Attorney from further prosecuting the criminal charges against him.   Defendants have each moved to dismiss this case on abstention and substantive grounds.

**II. DISCUSSION**

Defendants argue that this Court should refuse to exercise jurisdiction over this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The prerequisites for *Younger* abstention are (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity for raising federal constitutional questions. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

In this case, there is no dispute that there is an ongoing state juvenile proceeding and an ongoing state criminal proceeding pending against Plaintiff. Plaintiff does not dispute that these proceedings involve important state interests.

The only dispute at issue here is whether Plaintiff has an adequate opportunity to raise his federal constitutional challenges in the state court proceedings.

As for the criminal prosecution of Plaintiff for the alleged harassing phone calls and emails, Plaintiff argues only that the criminal charges are meritless and there is no basis for a conviction against him. He does not assert that he cannot raise these challenges in the state criminal proceeding.

With respect to the juvenile court proceeding, Plaintiff asserts that he is procedurally prevented from raising his claims in that proceeding because: (1) the deprivation order is facially void and therefore is not subject to appeal, and (2) no hearing has been set by the juvenile court on several pending motions filed by Plaintiff, thereby depriving him of a forum in which to raise his claims. Plaintiff's arguments are insufficient to defeat dismissal based on *Younger* abstention. Contrary to his contention, Plaintiff is not prohibited from challenging the validity of the removal order on appeal because of the alleged deficiencies. In addition, alleged delays in the state court proceedings do not suggest that Plaintiff is prevented from raising his constitutional claims in state court.

"Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (quoting *Middlesex*, 457 U.S. at 431). A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *31 Foster Children*,

329 F.3d at 1279. In determining whether the state remedies are adequate, "[t]he relevant question is not whether the state courts can do all that Plaintiffs wish they could, but whether the available remedies are sufficient to meet [the] requirement that the remedy be adequate." *31 Foster Children v. Bush*, 329 F.3d at 1279 (11th Cir. 2003). Georgia courts frequently address constitutional challenges to child-custody related decisions. *See, e.g. Brooks v. Parkerson*, 454 S.E.2d 769, 770 (Ga. 1995) (addressing the constitutionality of the Grandparent Visitation Statute).

Thus, the Court finds that *Younger* abstention is appropriate. *Liedel v. Juvenile Ct. of Madison Cty.*, 891 F.2d 1542, 1546 (11th Cir. 1990) ("Thus, under *Younger* and *Moore [v. Sims*, 442 U.S. 415 (1979)] federal district courts may not interfere with ongoing child custody proceedings.").

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss [Docs. 10 & 12] based on *Younger* abstention. Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is DIRECTED to close the case.

**IT IS SO ORDERED** this 24th day of August, 2018.

_____
**AMY TOTENBERG
UNITED STATES DISTRICT JUDGE**